UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)



CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX

March 24, 2021

Theodore A. Melanson, Esq.
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Suite 1010
Towson, MD 21204

Amy Rigney, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

Subject:   *Paul P. v. Saul*
           Civil No. GLS 19-2793

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 12, 16). The Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I.     BACKGROUND

Plaintiff filed a Title II Application for Disability Insurance Benefits and a Title XVI Application for Supplemental Security Income Payments on April 11, 2016, alleging that disability began on November 15, 2015. (Tr. 17). This claim was initially denied on November 10, 2016, and upon reconsideration, denied again on February 22, 2017. (Tr. 17). Plaintiff's request for a hearing was granted and the hearing was conducted on June 21, 2018, by an Administrative Law Judge ("ALJ"). (Tr. 17). On September 20, 2018, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 17-27). On July 30, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-6).

*Paul P. v. Saul*
Civil No. GLS 19-2793
March 24, 2021
Page 2

## II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determines whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertains whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., the most the claimant could do despite their limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered from the following severe impairments: "history of remote right tibia/fibula fracture, depressive disorder, post-traumatic stress disorder ("PTSD"), complex regional pain syndrome, osteopenia, osteoarthrosis, hypogonadism, and obesity." (Tr. 19). Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work . . . except [t]he [Plaintiff] cannot climb ladders, ropes, and scaffolds . . . can frequently balance and stoop . . . can occasionally climb ramps and stairs . . . can occasionally kneel, crouch, and crawl . . . cannot repetitively operate foot controls with the right foot . . . cannot work at unprotected heights or around dangerous moving machinery . . . is limited to unskilled work with a reasoning level of 3 or less where he does not have to work at a production rate pace as you would typically find on an assembly line or in piecework and where changes in routine with the addition of new or more complex tasks do not occur

more frequently than once a month on average.

(Tr. 21-22). At the hearing, a vocational expert ("VE") testified that Plaintiff's past relevant work was as a truck driver and heavy equipment operator. (Tr. 26, 58). The VE ultimately testified that a hypothetical individual with the same RFC as Plaintiff would not be able to perform his past relevant work. (Tr. 26, 59). However, the ALJ determined Plaintiff was not disabled because he was able to perform other work that exists in significant numbers in the national economy, e.g., as an office helper, a non-postal mail clerk, and as a sorter. (Tr. 27).

### III.   DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ: (1) committed reversible error by failing to apply Social Security Ruling ("SSR") 03-2p when evaluating Plaintiff's Complex Regional Pain Syndrome ("CRPS"); and (2) improperly assessed the medical opinion evidence submitted by Dr. Shalena Heard as part of Plaintiff's RFC determination. (ECF No. 12-2, pp. 11-27). I find Plaintiff's argument regarding the ALJ's failure to assess his CRPS in accordance with the dictates of SSR 03-2p persuasive. Accordingly, I find remand appropriate, for the reasons set forth below.

Plaintiff contends that the ALJ failed to evaluate his CRPS in accordance with the strictures of SSR 03-2p, resulting in an RFC determination unsupported by substantial evidence in the record. Plaintiff raises two arguments in this vein. First, Plaintiff asserts that the ALJ's failure to follow SSR 03-2p resulted in the ALJ improperly discrediting Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his CRPS. Second, Plaintiff contends that the ALJ improperly evaluated Plaintiff's activities of daily living by discrediting the Plaintiff's symptoms of disabling pain, and erroneously rejecting corroborative third-party evidence of Plaintiff's alleged limitations. (ECF No. 12-2, pp. 13-23). The SSA implicitly acknowledges that the ALJ did not discuss SSR 03-2p in his decision, but counters that after the ALJ determined that Plaintiff's CRPS was a severe impairment, Plaintiff's symptoms and functional limitations stemming from CRPS were properly evaluated under the same regulatory framework that applies for any other condition. (ECF No. 16-1, p. 13). Thus, the argument continues, that because the ALJ applied the correct legal framework when assessing Plaintiff's CRPS as part of his RFC determination, the ALJ did not err. In the alternative, the SSA appears to suggest that Plaintiff's RFC determination is supported by substantial evidence in the record. (ECF No. 16-1, pp. 13-16).

As a preliminary matter, pursuant to 20 C.F.R. § 402.35(b)(1), upon publication, Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the SSA. Although there is no requirement that an ALJ cite to Social Security Rulings in his or her written decision, the ALJ's decision must be based upon application of the correct legal standard and supported by substantial evidence in the record. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020).

*Paul P. v. Saul*
Civil No. GLS 19-2793
March 24, 2021
Page 4

As is relevant here, SSR 03-2p provides specific guidance for an ALJ evaluating claims of CRPS.[1]  SSR 03-2p provides, in relevant part, that:

> conflicting evidence in the medical record is not unusual in cases of [CRPS/]RSDS[2] due to the transitory nature of its objective findings and the complicated diagnostic process involved.  Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources. . . . [In addition, the] signs and symptoms of CRPS may remain stable over time, improve, or worsen.  Documentation should, whenever appropriate, include a longitudinal clinical record containing detailed medical observations, treatment, the individual's response to treatment, complications of treatment, and a detailed description of how the impairment limits the individual's ability to function and perform or sustain work activity over time.

2003 WL 22399117, at *5 (Oct. 20, 2003).

Once an ALJ determines that a claimant's CRPS is a medically determinable impairment, the ALJ "must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities."  *Id.* at *6.  If a claimant's statements about the "intensity, persistence, or functionally limiting effects of pain or other symptoms are [inconsistent with] objective medical evidence, the [ALJ] must make a finding on the credibility of the individual's statements based on a consideration of the entire case record."  *Id.*  In addition, an ALJ may not disregard a claimant's statements "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."  SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017). In her analysis, then, the ALJ should consider "the medical signs and laboratory findings, the [claimant's] own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record."  SSR 03-2p, 2003 WL 22399117, at *6.  And when explaining the conclusions reached regarding the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ must explain which of the claimant's symptoms the ALJ "found consistent or inconsistent with the evidence in [the] record and how [the] evaluation of the individual's symptoms led to [the ALJ's] conclusions."  SSR 16-3p, 2017 WL 5180304, at *8.

---

[1] CRPS is "a rare disorder of the sympathetic nervous system that is characterized by chronic, severe pain," and in which the "skin over the affected area may become swollen and inflamed."  *Ashcraft v. Astrue,* Civ. No. PWG 10-3425, 2012 WL 2990767, at *1 (D. Md. July 19, 2012) (citation omitted). Although, the exact cause of CRPS is not fully understood, "it may be associated with injury to the nerves."  *Id.*

[2] Reflex Sympathetic Dystrophy Syndrome ("RSDS") is also frequently referred to as Complex Regional Pain Syndrome.  SSR 03-2p, 2003 WL 22814447, at *1 (Oct. 20, 2003).  "These terms are synonymous and are used to describe a unique clinical syndrome that may develop following trauma."  *Id.*

*Berry v. Saul*, Civ. No. FDW 20-00002, 2020 WL 6365464 (W.D.N.C. Oct. 29, 2020), is instructive. In *Berry*, the court remanded the matter back to the ALJ, holding that because the ALJ failed to sufficiently analyze the claimant's RSDS in accordance with SSR 03-2p and SSR 16-3p, the ALJ's decision was not supported by substantial evidence. *Id.* at *4. The ALJ in *Berry* found that the claimant's "generally benign exam findings during her relevant period of disability" were inconsistent with the claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms. *Id.* On appeal, the court found that the ALJ's determination ignored the "transitory nature of RSD[S]" and lacked "any clarification regarding this conflicting evidence as required by SSR 03-2p." *Id.* In addition, the court found that when addressing the inconsistencies between the claimant's medical evidence and her testimony about the intensity, persistence, and limiting effects of her symptoms, the ALJ failed to "adequately explain her conclusions" in accordance with the SSR 03-2p. *Id.* Finally, the court noted that it could not meaningfully review the ALJ's decision where it lacked any discussion "about which of [claimant's] allegations, if any, the ALJ found consistent with the record and the extent to which they factored into the RFC determination." *Id.*

Similarly, in *Stephanie N. v. Saul*, Civ. No. SVH 20-2027, 2021 WL 777560 (D.S.C. Mar. 1, 2021), the court held that remand was required. The ALJ had found that the claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the objective medical evidence and discredited them. On appeal, the court determined that the ALJ: (1) erroneously rejected the claimant's subjective allegations as to the disabling effects of her pain based primarily on medical evidence that was not pertinent to her diagnosis; (2) did not consider the claimant's allegations of disabling pain based on the entire record, as required by SSRs 03-2p and 16-3p; and (3) failed to consider whether the claimant's complaints and descriptions of her symptoms were consistent throughout the record. *Id.* at *20-22.

Here, the ALJ found that Plaintiff's CRPS was a severe impairment. However, the ALJ also found that the intensity, persistence, and limiting effects of Plaintiff's symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (Tr. 24). Similar to what occurred in *Berry* and *Stephanie N.*, the ALJ here failed to adequately explain why he discredited the Plaintiff's allegations as to the intensity, persistence, and limiting effects of his symptoms in accordance with SSR 03-2p. In discrediting the Plaintiff's subjective pain limitations, the ALJ explained that the medical record showed Plaintiff to "consistently have [a] normal gait and range of motion," and that Plaintiff's "physical examinations were largely normal." (Tr. 24). Yet, the record contains medical evidence that Plaintiff did not have a normal gait and range of motion. Dr. Leslie White, who conducted Plaintiff's initial physical therapy examination, observed that Plaintiff had an antalgic gait with "decreased step through gait sequence" and "decreased stance time and [weight bearing] on right [lower extremity]." (Tr. 389). The record also contains evidence of Plaintiff's positive straight leg raise test and positive Patrick's tests, from three separate medical appointments. (Tr. 427, 432, 436). As in *Berry*, the ALJ here did not include any discussion or clarification of this conflicting evidence as required by SSR 03-2p. In addition, the ALJ's narrative discussion lacked any explanation about which of the

*Paul P. v. Saul*
Civil No. GLS 19-2793
March 24, 2021
Page 6

Plaintiff's allegations, if any, the ALJ found consistent with the record and the extent to which they factored into the RFC determination as required by SSR 16-3p.

Moreover, in discrediting Plaintiff's alleged limitations, the ALJ noted that the Plaintiff's "activities of daily living do not indicate greater limitations as he lives alone, prepares his own meals, does his own shopping and his own chores." (Tr. 24). The Fourth Circuit has held that an "ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent*, to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original). In *Woods*, the ALJ noted that the claimant could "maintain personal hygiene, cook, perform light household chores, shop, socialize . . . and attend church on a regular basis," but did not consider the claimant's statements as to the extent of her ability to perform these activities. *Id.* at 694-95. Because the ALJ did not consider the claimant's statements that she took all day to do laundry, that shopping for necessities took her longer than normal, and that some days she spent the entire day on the couch, the Fourth Circuit remanded the case. *Id.* In the instant case, the ALJ failed to consider Plaintiff's statements regarding the extent of his abilities to perform his daily activities, including that he "requires frequent breaks at times due to the pain." (Tr. 297). Thus, on remand the ALJ should consider both the type of Plaintiff's daily activities and the extent to which he can perform them when assessing Plaintiff's credibility.

Furthermore, as for the third-party function reports submitted by Plaintiff's mother, the ALJ determined that "the medical evidence of record" did not support the degree of limitations indicated in the reports. (Tr. 25). However, "[a] lack of support from the overall medical evidence is also not a proper basis for disregarding the observations" included in third-party reports from a claimant's family members. *Roita T.B. v. Berryhill*, Civ. No. TMD 18-33, 2019 WL 1316992, at *5 (D. Md. Mar. 22, 2019). As the *Roita* court has explained, the fact that "third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing." *Id.* (citation omitted). Thus, following *Roita*, I find that a lack of support from the medical evidence was "not a germane reason" for the ALJ to give little weight to the observations included in the functional report completed by Plaintiff's mother. On remand, the ALJ should state with specificity the reasons for disregarding the written testimony in the function reports submitted by Plaintiff's mother.

In sum, for the aforementioned reasons, I find that remand is required. Because this case is being remanded on other grounds, the Court will not address Plaintiff's remaining contention that the ALJ improperly assessed the medical opinion evidence submitted by Dr. Shalena Heard as part of Plaintiff's RFC determination

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 12), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 16), is DENIED. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/

The Honorable Gina L. Simms
United States Magistrate Judge