UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



October 17, 2024

LETTER TO COUNSEL

RE:  *Paul P. v. O'Malley,*[1] *Commissioner of the Social Security Administration*
Civ. No. GLS-19-02793

Dear Counsel:

On June 5, 2024, Counsel for the Plaintiff, Theodore A. Melanson, Esq. ("Mr. Melanson") filed a Line seeking attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 22, "Line"). The Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") filed a response to the Line, neither supporting nor opposing the requested relief. (ECF No. 24). Rather, the Commissioner defers to the judgment of the Court to determine whether the fee request is reasonable. (*Id*., p. 2). This matter has been fully briefed, and I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Line will be **GRANTED**, and attorney's fees will be awarded in the amount of $21,253.00, and counsel will be required to refund $5,542.69 to Plaintiff.

I.   BACKGROUND

On September 23, 2019, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim. (ECF No. 1). Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment, the Commissioner's opposition thereto, and a Reply from Plaintiff. (ECF Nos. 12, 16, 17). On March 24, 2021, this Court issued a Letter Opinion, remanding Plaintiff's claim to the Social Security Administration for further proceedings, consistent with Social Security Ruling ("SSR") 16-3p. (ECF No. 18).[2]

On June 8, 2021, Plaintiff's counsel petitioned this Court for attorney's fees, to which the Commissioner filed a response. (ECF Nos. 19, 20). On June 22, 2021, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the Court awarded Mr. Melanson attorney's fees in the amount of $5,542.69 for 26.25 hours worked on Plaintiff's case. (ECF No. 21).

On June 3, 2024, Plaintiff received a favorable decision from the Agency, which resulted in an award of past-due Social Security disability benefits. (*See* ECF Nos. 22-1, 22-2, 24-1). In

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.
[2] In the Letter Opinion remanding the case for further proceedings, the Court provides the full procedural background of this case. (ECF No. 18, p. 1).

*Paul P. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-19-02793
October 17, 2024
Page 2

total, Plaintiff was awarded $85,012.00 in past-due benefits. (*See* ECF Nos. 22-2, p. 3; 24-1, p. 3). On June 5, 2024, Mr. Melanson filed the Line, seeking $21,253.00, which he claims represents 25 percent of Plaintiff's benefits award. (ECF No. 22). On June 11, 2024, the Agency filed a response, in which the Agency represents that it "neither supports nor opposes counsel's request for attorney's fees," however, "requests that the Court specify in its order that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (ECF No. 24, p. 2).

## II.     STANDARD OF REVIEW

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingency fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee is being sought, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order")).

Following *Mudd*, in this District, courts have adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingency fee agreement, i.e., the contingency fee award divided by the hours actually worked on the matter. *See Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). Then, this hourly rate is compared to the presumptively reasonable hourly rates outlined in the Local Rules of the United States District Court for the District of Maryland ("Local Rules"), Appendix B.[3] If the hourly rate resulting from a contingency fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Local Rules, it is less likely that the requested fee is reasonable. *Id*. However, in cases where an attorney's advocacy results in a favorable decision, courts in this District routinely approve hourly rates that are "much higher"

---

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Local Rules, App'x B, n. 1 (D. Md. 2023) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases").

*Paul P. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-19-02793
October 17, 2024
Page 3

than those outlined in the Local Rules. *See e.g.*, *id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan 24, 2022).

Furthermore, although a court may only award fees under the Social Security Act for "court-related work," in performing its "reasonableness inquiry," a court may also consider the legal work performed by counsel when the matter was before the Agency. *See Myisha G.*, 2021 WL 2661503, at *1. This is because that legal work can inform a court about, e.g., the complexity of the case, the lawyering skills necessary to provide representation, and the significance of the results achieved. *Myisha G.*, 2021 WL 2661503, at *1 (citing *Mudd*, 418 F.3d at 428).

Finally, if a court finds that an attorney is entitled to a fee award under the Social Security Act, and such attorney has already received an award for attorney's fees under the EAJA, then the attorney must reimburse his client the smaller of the two fees. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

### III.    ANALYSIS

As a preliminary matter, the Court first finds that Mr. Melanson timely filed the Line requesting attorney's fees on June 5, 2024, as the "Notice of Award" is dated June 3, 2024. *See* ECF No. 22-2, p. 1; Local Rule 109.2(c) (motion for attorney's fees must be filed within thirty days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation).

Next, however, Mr. Melanson does not provide any argument in support of the Line. Instead, counsel: (a) provides a brief summary of the benefits Plaintiff received after remand; (b) informs the Court that he is seeking 25 percent of the total past-due benefits awarded; and (c) represents that he "will reimburse Plaintiff the $5,542.69 in fees previously received pursuant to the [EAJA]." (ECF No. 22).

Despite the Line's deficiencies, the Court has reviewed the entire history in this case and finds that it does, in fact, have sufficient information to be able to consider the Line. *See* ECF Nos. 19-2 through 19-8 and 21. It is undisputed that Mr. Melanson and Plaintiff entered into a contingency fee agreement, and that Plaintiff agreed to pay him 25% of any disability benefits awarded. (ECF No. 19-3). Thus, the Court can proceed to analyze the *Mudd* factors.

As it relates to the first *Mudd* factor, the Court finds that Mr. Melanson's requested fee award is supported by the character of his representation and the results achieved. Specifically, in this case, Plaintiff signed a contingency fee agreement wherein he agreed to pay Mr. Melanson 25 percent of all retroactive benefits to which he was entitled. (ECF No. 19-3). The Court finds that Mr. Melanson's request of $21,253.00 in attorney's fees does not exceed the 25 percent statutory cap of Plaintiff's past-due benefits award of $85,012.00, which is consistent with 42 U.S.C. § 406(b)(1). In addition, through Mr. Melanson's advocacy, Plaintiff was awarded past-due benefits.

*Paul P. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-19-02793
October 17, 2024
Page 4

(*See* ECF Nos. 22-1, 22-2, 24-1). Accordingly, the Court finds that this factor weighs in favor of granting Mr. Melanson's request.

Turning to the second *Mudd* factor, there is no evidence before the Court that Mr. Melanson caused any delay that led to the accumulation of past-due benefits during the pendency of the case. Thus, the Court finds that this factor, too, weighs in favor of granting Mr. Melanson's request.

Turning to the third *Mudd* factor, the key question before the Court is whether Mr. Melanson's requested fee award will result in a windfall to him. Courts in this District determine whether an attorney's fees award will result in a windfall by determining the hourly rate that results from the contingency fee agreement in a particular case and comparing such hourly rate to the presumptively reasonable hourly rates provided in the Local Rules. In the instant case, in connection with his original fee petition, Mr. Melanson submitted a timesheet reflecting that his law firm expended 26.25 hours working on Plaintiff's case. (ECF No. 19-7). He also previously filed an affidavit in which he represented that he has been a member of the Bar since 2014, and his hourly billing rate is $300.00. (*See* ECF No. 19-6, ¶¶ 5, 6). That hourly rate is within the presumptively reasonable hourly rate commensurate with his experience. *See* Local Rules, App'x B., Section 3(c) ("Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350"). However, in connection with his Line, he seeks 25 percent of $85,012.00, which translates to an effective hourly rate of $809.64 per hour. ($21,253.00/26.25 hours). *See Myisha G.*, 2021 WL 2661503, at *1. Thus, Mr. Melanson must show that his effective hourly rate is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. If the hourly rate resulting from a contingency fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Local Rules, it is less likely that the requested fee is reasonable. *See Myisha G.*, 2021 WL 2661503, at *1.

Although $809.64 per hour is almost 2.5 times more than $300 per hour, many courts in this District have found hourly rates that are more than double the applicable rate provided in the Local Rules to be reasonable where, as is the case here, a plaintiff has received a favorable decision. *See e.g.*, *James K. v. Saul*, Civ. No. DLB-19-673, 2021 WL 1753567, at *2 (D. Md. May 4, 2021) (where the court found effective hourly rate more than three times attorney's typical hourly rate to be reasonable); *Matthew C. v. Comm'r, Soc. Sec. Admin.*, Civ. No. JMC-20-3240, 2023 WL 3043906, at *2 (D. Md. Apr. 21, 2023) (where the court found effective hourly rate well over three times attorney's typical hourly rate to be reasonable); *Turner v. Kijakazi*, Civ. No. ABA-20-3371, 2023 WL 8829241, at *2 (D. Md. Dec. 21, 2023) (where the court found effective hourly rate more than four times attorney's typical hourly rate to be reasonable). As such, the Court finds that Mr. Melanson's requested hourly rate is not unreasonable. Thus, Mr. Melanson's requested fees award will not result in a windfall. Therefore, all factors weigh in favor of this Court finding that Mr. Melanson's request is reasonable.

Furthermore, an attorney who is awarded fees both under the EAJA and Section 406(b) must reimburse the plaintiff the smaller of the two fee amounts. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E.*, 565 F.3d at 135. ("[W]hile attorney's fees may be awarded under both the EAJA and § 406(b), the Savings Provision clarifies that the attorney must refund to the claimant

*Paul P. v. O'Malley, Commissioner of the Social Security Administration*
Civ. No. GLS-19-02793
October 17, 2024
Page 5

the smaller fee"). On June 22, 2021, the Court awarded Mr. Melanson attorney's fees pursuant to the EAJA in the amount of $5,542.69. (ECF No. 21). Therefore, Mr. Melanson must reimburse Plaintiff in the amount of $5,542.69 for attorney's fees that he was previously awarded, which counsel has agreed to do. *See* ECF No. 22.

Finally, the Court agrees with the government that the requested fee amount is to be paid out of the past-due benefits awarded to the Plaintiff. *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019).

### IV.   CONCLUSION

For the reasons set forth above, the Line, (ECF No. 22), is **GRANTED**. Specifically, the Court: (1) **AWARDS** Mr. Melanson attorneys' fees in the amount of $21,253.00 pursuant to the Social Security Act, 42 U.S.C. § 406(b), to be paid out of Plaintiff's past-due benefits in accordance with Agency policy; and (2) **ORDERS** Mr. Melanson to **REIMBURSE** Plaintiff the $5,542.69 that was previously awarded in attorney's fees pursuant to the EAJA.

The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge